CLD-207                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1555
_____

KEITH S. BROWN,
                    Appellant

v.

DR. MARY JOY MONSALUD; DR. NEWTON; KAREN HOLLY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:20-cv-0849)
District Judge: Honorable Jennifer P. Wilson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 4, 2025

Before: KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: October 2, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Keith S. Brown appeals from orders dismissing certain claims, granting summary judgment on others, and denying him injunctive relief. For the following reasons, we will summarily affirm.

I

We provide background information only as needed as we write primarily for the parties who are familiar with the case. Brown is a state prisoner in Pennsylvania. Brown initially filed a civil complaint in state court. Defendants Dr. Mary Joy Monsalud, Dr. Newton, and Karen Holly removed Brown's state court complaint to the United States District Court for the Middle District of Pennsylvania as it raised federal questions.

Brown suffers from eye problems. He was prescribed eye drops for his use in his prison cell to treat his ailments. Brown refused this arrangement because he had mental health issues, claiming he would instead ingest the eye drops due to his suicidal tendencies rather than use them properly to treat his eye ailments if he had such drops available to use when needed.

Brown filed this civil action asserting multiple claims against the three Defendants named above. Two were federal claims; namely: (1) an Eighth Amendment deliberate indifference to his serious medical needs claim; and (2) an Americans with Disabilities Act (ADA) claim. He also raised a Pennsylvania state law claim against the Defendants for intentional infliction of emotional distress.

The Defendants each separately moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The District Court granted Defendants' motions in part. The District Court dismissed Brown's ADA claims against all three Defendants in their individual capacities. The District Court determined that Brown could not proceed against the Defendants on such a claim because the ADA does not recognize a claim for monetary damages against government employees in their individual capacities. The District Court further dismissed Brown's ADA claims against Defendants Monsalud and Newton in their official capacities because they are not public entities under Title II of the ADA. However, the District Court permitted Brown's claim under the ADA to proceed against Defendant Holly in her official capacity and permitted Brown's Eighth Amendment claim against all Defendants and his state law claim for intentional infliction of emotional distress to proceed as well.

Following discovery, the Defendants moved for summary judgment on the remaining claims. Brown also filed a motion for a preliminary injunction or for a temporary restraining order. The District Court granted Defendants' motions for summary judgment and denied Brown's motion for a preliminary injunction or for a temporary restraining order. Brown then filed this appeal.[1]

---

[1] Our Clerk notified the parties that this appeal may be subject to dismissal pursuant to 28 U.S.C. § 1915(e) or for summary action. Brown filed a brief in support of his appeal as well as a motion for the appointment of counsel.

## II

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). To survive dismissal, "a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We also exercise plenary review over the District Court's summary judgment decision in favor of the Defendants. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We may affirm on any basis in the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). Summary action is appropriate if there is no substantial question in the appeal. See 3d Cir. L.A.R. 27.4.

## III

4

We agree with the District Court's resolution of Brown's claims. Initially, as noted above, the District Court dismissed several of Brown's ADA claims against the Defendants at the motion to dismiss stage. To state a claim under Title II of the ADA for disability-based discrimination, a plaintiff must show that: "(1) he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or [other activities for which a public entity is responsible, or was otherwise] subjected to discrimination by any such entity; (4) by reason of his disability." Haberle v. Troxell, 885 F.3d 170, 178 (3d Cir. 2018). A public entity is defined as (a) any State or local government; (b) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (c) the National Railroad Passenger Corporation, and any other commuter authority (as defined in section 24012(4) of Title 49). See 42 U.S.C. § 12131(1).

The District Court properly concluded that Brown could not move forward with his claims for individual liability against the Defendants under the ADA. See Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) (explaining that there is no individual liability for damages under the ADA).

We also affirm the District Court's dismissal of Brown's Title II ADA claims against Defendants Monsalud and Newton as well as its grant of summary judgment in favor of Defendant Holly in their official capacities. His allegations against Defendants

Monsalud and Newton under Title II of the ADA amounted to his medical disagreement with their decision to allow him access to his eye drops in his cell, given his mental condition. This medical disagreement with Defendants Monsalud and Newton did not rise to the level of a Title II ADA violation against those Defendants. See Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) ("[P]urely medical decisions . . . do not ordinarily fall within the scope of the ADA"); Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005) (per curiam) (medical treatment decisions are not a basis for ADA claims); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) (holding that "the [ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners"). The District Court properly granted summary judgment in favor of Defendant Holly for the same reason.

Next, the District Court granted summary judgment to the Defendants on Brown's Eighth Amendment claim. A plaintiff states an Eighth Amendment claim of deliberate indifference by showing that: (1) a prison official was deliberately indifferent to his medical needs; and (2) his medical needs were serious. See Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017). A medical need is serious if it "has been diagnosed by a physician as requiring treatment" or if it "is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation marks and

6

citations omitted). A prison official is deliberately indifferent if she knew of and disregarded an excessive risk to a prisoner's health or safety. See Durham v. Kelley, 82 F.4th 217, 229 (3d Cir. 2023). Deliberate indifference can manifest as "an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, or a denial of reasonable requests for treatment that leads to suffering or risk of injury." Id. at 230 (footnote omitted).

To reiterate, the thrust of Brown's claims against the Defendants was that it constituted deliberate indifference for him to be prescribed eye drops for his own use in his cell to treat his eye ailments due to his suicidal tendencies as he might ingest the drops rather than use them properly. In this case, the District Court meticulously went through the facts set forth against each of the three named Defendants, including Brown's medical records. Upon review, this Court agrees with the District Court's determination that Brown's issues with the Defendants' actions regarding his eye drops amount to one of a mere disagreement regarding the proper administration of his eye drops – namely whether he could administer them himself. This disagreement did not constitute deliberate indifference to his serious medical needs. See Monmouth Cnty. Corr. Inst. Inmates, 834 F.2d at 346.

The District Court also granted summary judgment in favor of the Defendants on Brown's state law intentional infliction of emotional distress claim. A claim for

7

intentional infliction of emotional distress under Pennsylvania law requires four elements: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." Bruffett v. Warner Commc'ns, Inc., 692 F.2d 910, 914 (3d Cir. 1982). Pennsylvania law defines outrageous or extreme conduct as going "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1122 n.5 (Pa. Super. Ct. 2004). In addition to showing outrageous conduct, a plaintiff must also suffer physical harm. See id. at 1122-23.

We agree with the District Court's decision to grant summary judgment in favor of the Defendants on this state law claim. Again, Brown was under the treatment and care of medical professionals. He was examined and it was determined that he could maintain eye drops in his cell. The record confirms no conduct by the Defendants that rose to the level of outrageousness. While Brown may have disagreed with the treatment option he was given, this does not mean that the Defendants were liable under Pennsylvania law for intentional infliction of emotional distress.[2]

IV

---

[2] Because the District Court properly granted summary judgment in favor of the Defendants, it also properly denied Brown's motion for a preliminary injunction or for a temporary restraining order.

8

For the foregoing reasons, we conclude that there is no substantial question presented by this appeal. Accordingly, we will summarily affirm the judgment. Brown's motion for the appointment of counsel is denied.